UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION at LONDON

CIVIL ACTION NO. 08-50-GWU

JUANITA SUE MUSE, PLAINTIFF,

VS. **MEMORANDUM OPINION**

MICHAEL J. ASTRUE,
COMMISSIONER OF SOCIAL SECURITY, DEFENDANT.

## INTRODUCTION

The plaintiff brought this action to obtain judicial review of an administrative denial of her application for Disability Insurance Benefits (DIB). The appeal is currently before the Court on cross-motions for summary judgment.

## APPLICABLE LAW

The Sixth Circuit Court of Appeals has set out the steps applicable to judicial review of Social Security disability benefit cases:

1. Is the claimant currently engaged in substantial gainful activity? If yes, the claimant is not disabled. If no, proceed to Step 2. See 20 C.F.R. 404.1520(b), 416.920(b).

2. Does the claimant have any medically determinable physical or mental impairment(s)? If yes, proceed to Step 3. If no, the claimant is not disabled. See 20 C.F.R. 404.1508, 416.908.

3. Does the claimant have any severe impairment(s)--i.e., any impairment(s) significantly limiting the claimant's physical or mental ability to do basic work activities? If yes, proceed to Step 4. If no, the claimant is not disabled. See 20 C.F.R. 404.1520(c), 404.1521, 416.920(c), 461.921.

1

08-50   Juanita Sue Muse

4. Can the claimant's severe impairment(s) be expected to result in death or last for a continuous period of at least 12 months? If yes, proceed to Step 5. If no, the claimant is not disabled. See 20 C.F.R. 404.920(d), 416.920(d).

5. Does the claimant have any impairment or combination of impairments meeting or equaling in severity an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 (Listing of Impairments)? If yes, the claimant is disabled. If no, proceed to Step 6. See 20 C.F.R. 404.1520(d), 404.1526(a), 416.920(d), 416.926(a).

6. Can the claimant, despite his impairment(s), considering his residual functional capacity and the physical and mental demands of the work he has done in the past, still perform this kind of past relevant work? If yes, the claimant was not disabled. If no, proceed to Step 7. See 20 C.F.R. 404.1520(e), 416.920(e).

7. Can the claimant, despite his impairment(s), considering his residual functional capacity, age, education, and past work experience, do other work--i.e., any other substantial gainful activity which exists in the national economy? If yes, the claimant is not disabled. See 20 C.F.R. 404.1505(a), 404.1520(f)(1), 416.905(a), 416.920(f)(1).

Garner v. Heckler, 745 F.2d 383, 387 (6th Cir. 1984).

Applying this analysis, it must be remembered that the principles pertinent to the judicial review of administrative agency action apply. Review of the Commissioner's decision is limited in scope to determining whether the findings of fact made are supported by substantial evidence. Jones v. Secretary of Health and Human Services, 945 F.2d 1365, 1368-1369 (6th Cir. 1991). This "substantial evidence" is "such evidence as a reasonable mind shall accept as adequate to

support a conclusion;" it is based on the record as a whole and must take into account whatever in the record fairly detracts from its weight.  Garner, 745 F.2d at 387.

In the Sixth Circuit, the Step Three severity regulation has been held to be a de minimis hurdle in the disability determination process.  Murphy v. Secretary of Health and Human Services, 801 F.2d 182, 185 (6th Cir. 1986).  An impairment can be considered not severe only if it is a "slight abnormality that minimally affects work ability regardless of age, education, and experience."  Farris v. Secretary of Health and Human Services, 773 F.2d 85, 90 (6th Cir. 1985).  Essentially, the severity requirements may be used to weed out claims that are "totally groundless."  Id., n.1.

## DISCUSSION

The plaintiff, Juanita Sue Muse, a 60-year-old individual with a high school education and work experience as a county court clerk, filed an application for DIB alleging disability due to diabetes, disc problems, allergies, bronchitis, macular degeneration, and carpal tunnel syndrome.  (Tr. 73-4).  After hearing the plaintiff's testimony and reviewing the evidence, an Administrative Law Judge (ALJ) concluded that while the plaintiff had the "medically determinable" conditions of diabetes mellitus, a history of carpal tunnel syndrome, degenerative disc disease, degenerative joint disease, and a history of cystitis, none of the impairments were "severe" under the Commissioner's regulations.  (Tr. 16-22).  Accordingly, she was

not entitled to benefits.  The Appeals Council declined to review, and this action followed.

On appeal, this court must determine whether the administrative decision is supported by substantial evidence.

Whatever else may be said about the plaintiff's limitations, it appears that the ALJ overlooked a comment by Dr. Kelly Cole, a treating arthritis specialist that the plaintiff's degenerative joint disease and lower back condition resulted in "severe/incapacitating" pain.  (Tr. 324).  The Sixth Circuit Court of Appeals has noted that the Commissioner's regulations at 20 C.F.R. § 404.1527(b)(2) require an ALJ to apply certain factors in determining the weight given to a treating physician's opinion.  <u>Wilson v. Commissioner of Social Security</u>, 378 F.3d 541 (6th Cir. 2004).  The regulation requires that the ALJ must "give good reasons" for the weight accorded to a treating source opinion, and <u>Wilson</u> holds that failure to observe this procedural requirement may result in a remand even if the administrative decision is otherwise supported by substantial evidence.

Subsequently, the Sixth Circuit held in <u>Bowen v. Commissioner of Social Security</u>, 478 F.3d 742 (6th Cir. 2007), that a failure to mention a treating physician's opinion violates the terms of the regulation.  The court noted the possibility that the ALJ had simply overlooked the opinion of the treating source altogether, and, thus, it could not be said that the oversight was harmless error.  <u>Id.</u> at 747.

08-50  Juanita Sue Muse

The undersigned recognizes that the ALJ did discuss some of Dr. Cole's treatment, including the fact that Dr. Cole had referred the plaintiff to a pain treatment facility and that a right lumbar facet block reportedly helped her pain. (Tr. 19). The ALJ went on to state that she had "not required further treatment with injection-type therapies such as epidural steroids or the administration of other intramuscular or intravenous pain medications." (Tr. 21). However, the plaintiff testified at the administrative hearing, the one injection she did have caused her blood sugar to go out of control (Tr. 381) and a follow-up note from the pain management physician appears to confirm this statement (Tr. 368). He did offer her an alternative treatment consisting of an anesthetic block. (Id.). While there is no evidence that the plaintiff elected to follow this course, the office note is dated July 18, 2006, and the ALJ issued his decision on August 22, 2006 (Tr. 22), making a conclusion that the plaintiff had declined follow-up treatments dubious at best.

Therefore, a remand will be required for further consideration, at which time the plaintiff may submit additional evidence of treatment or medical opinions concerning her functional restrictions.

This the 29th day of October, 2008.



Signed By:
G. Wix Unthank
United States Senior Judge

5